UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NOS.  CR-04-2134-LRS-1 |
| Respondent, | ) | CV-08-3061-LRS |
| | ) | |
| -vs- | ) | |
| | ) | ORDER DENYING 28 U.S.C. §2255 |
| | ) | MOTION |
| FERNANDO NAVA ANAYA, | ) | |
| | ) | |
| Petitioner. | ) | |

Before the Court is Fernando Nava Anaya's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed September 18, 2008 (Ct. Rec. 184, CR-04-2134-LRS-1, Ct. Rec. 1, CV-08-3061-LRS).   The Motion is submitted by Fernando Nava-Anaya, a federal prisoner, who is appearing *pro se* for the purpose of this proceeding.

## I. BACKGROUND

Mr. Nava Anaya was indicted on September 22, 2004 for Conspiracy to Distribute Controlled Substance in violation of 21 U.S.C. § 846; Distribution of a Controlled Substance in violation of 21 U.S.C. §841(a); and Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §841(a)(1).  Mr. Nava Anaya proceeded to trial and was found guilty by a jury of Count One, Count Two and Count Five of the Indictment on May 12, 2005. On October 27, 2005, Mr. Nava Anaya was

ORDER - 1

sentenced to a 199-month term of imprisonment on each count concurrently with five years supervised release on each count concurrently; and a special assessment of $300.  Mr. Nava Anaya, represented by counsel, filed a direct appeal of his judgment and sentence on October 31, 2005. The United States Court of Appeals for the Ninth Circuit affirmed the judgment of the District Court on March 12, 2007.  Ct. Rec. 182.  Mr. Nava Anaya indicates that the U.S. Supreme Court denied his petition for certiorari on September 30, 2007 or October 1, 2007.  Ct. Rec. 184, at 2.  In the present motion, Mr. Nava Anaya contends that his sentence is unconstitutional based on essentially one ground:  ineffective assistance of counsel.  Ct. Rec. 184, at 5-9.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A movant is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the movant's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the movant.

1  *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454

2  U.S. 866 (1981).

3  The relevant statute provides that only if the motion, file, and

4  records "conclusively show that the movant is entitled to no relief" may

5  the Court summarily dismiss the Motion without sending it to the United

6  States Attorney for response.  28 U.S.C. § 2255.  The Rules regarding

7  section 2255 proceedings similarly state that the Court may summarily

8  order dismissal of a § 2255 motion without service upon the United States

9  Attorney only "if it plainly appears from the face of the motion and any

10 annexed exhibits and the prior proceedings in the case that the movant

11 is not entitled to relief in the district court." Rule 4(a), RULES-SECTION

12 2255 PROCEEDINGS.  Thus, when a movant fails to state a claim upon which

13 relief can be granted or when the motion is incredible or patently

14 frivolous, the district court may summarily dismiss the motion.  *Cf.*

15 *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v.*

16 *United States,* 772 F.2d 525, 526 (9th Cir. 1985).

17 **A.   GROUNDS ONE through FOUR–INEFFECTIVE ASSISTANCE OF COUNSEL**

18 Mr. Nava Anaya alleges that his defense attorney(s) deprived him of

19 his constitutional right to effective assistance of counsel pretrial,

20 during trial, and post-trial.  In support of his ineffective counsel

21 claims, Mr. Nava Anaya alleges four grounds:

22 1) "Movant's Legal Defense Counsel was ineffective in his counsel

23 by not advising his client to plead guilty." Ct. Rec. 184 at 5.

24 2) "Movant's Legal Defense Counsel failed to properly review

25 Movant's Pre-sentence Report with him prior to Sentencing." Ct. Rec. 184

26 at 6.

3) Because of Movant's Legal Counsel's former representation of a Government Witness in this case, the proceeding was tainted and unjust to the Movant." Ct. Rec. 184 at 8.

4) "Movant never received or was ever able to review his Presentence report prior to sentencing and was thus prejudiced." Ct. Rec. 184 at 9.

1.   <u>Pretrial Counseling Re: Pleading Guilty</u> (Ground One)

Mr. Nava Anaya contends that his counsel Mr. Therrien was ineffective due to his failure to advise him to plead guilty.  Movant contends that there was no attempt made by his counsel to negotiate a plea agreement.  Ct. Rec. 185 at 3.

The test for ineffective assistance of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).  Under *Strickland*, to establish a claim of ineffective assistance of counsel, the Movant must show (1) grossly deficient performance by his counsel, and (2) resultant prejudice. 466 U.S. at 687, 104 S.Ct. 2052.

Movant fails to allege, however, that he was guilty and would have pleaded guilty but for his counsel's alleged omission to advise him to so plead. The court notes that in Movant's Objections to the Presentence Report (Ct. Rec. 128), Mr. Nava Anaya maintained his innocence regarding the charges for which he was convicted.  Additionally, Movant has not explained how he was prejudiced by failing to plead guilty, except that he contends he would have received a three downward departure in a plea agreement.  Ct. Rec. 185 at 3.  The court is hard-pressed to accept that Movant would be able to accurately predict what terms the government

ORDER - 4

would offer him in a plea agreement.   Further, the court notes that in Movant's sentencing memorandum, his counsel indicates an offer was made to him by the government but he declined, as it was one that would result in his deportation.   The sentencing memorandum further states that Movant was choosing to exercise his constitutional right to challenge the government's case.   It does not appear Movant had postured himself to enter a plea of guilty.

    2.   <u>Review of Presentence Report</u> (Ground Two)

    The Movant alleges that he was not able to discuss his presentence report ("PSR") with his attorney due to the fact that his attorney never directly showed the report to him.   Ct. Rec. 185 at 5.   Movant states that he has yet to read his PSR.   Mr. Nava Anaya suggests that this is just another example of his counsel's ineffectiveness and a denial of his Sixth Amendment rights.   Id. at 7.

    The court has reviewed the file and it is clear that defense counsel prepared for movant's sentencing by filing: Objections to PSR (Ct. Rec. 128); a Sentencing Memorandum (Ct. Rec. 130); three Statements Re: Sentencing Memorandum (Ct. Recs. 133, 134. 136); and a Supplement Re: Sentencing Memorandum (Ct. Rec. 135).   Although the court is not privy to the attorney-client communications that occurred in Movant's matter, in the absence of any prejudice, the court denies this portion of Movant's §2255 motion without an evidentiary hearing. See *Hill*, 474 U.S. at 59-60; *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir.1990), *cert. denied*, 111 S.Ct. 1398 (1991).

/ / /

/ / /

3.  <u>Alleged Conflict of Interest</u> (Ground Three)

The Movant alleges he was "prejudiced in this matter by a [sic] ongoing and unceasing tainted process, which commenced with the death of his paid attorney[1] and the appointment of two federal public defenders, and then finally to Kenneth D. Therrien, who unquestionably had represented the Government's main witness and confidential informant." Ct. Rec. 185 at 7.  Movant suggests that the court should have appointed another attorney who had no conflict of interest with the individual witness.  Id. at 8.  Movant also states that the district court should have appointed a legal expert versed in legal conflict of interest matters.  *Id*.  The court notes, however, that independent counsel was appointed to specifically advise on the conflict issue on March 29, 2005. Ct. Rec. 81.

Movant further contends that his "appeal attorney did not appoint a legal expert versed in legal conflict of interest matters such as experts who would have been required to testify in regard to other legal areas that involved questions of law."  Ct. Rec. 185 at 7-8.

The court finds that prior to trial, it made obligatory inquiry and determination as to whether apparent conflict was one adversely affecting defense counsel's performance.  The court, through appointed independent counsel, examined factors that arguably could interfere with effective cross-examination and effective assistance of counsel.  The court concluded the record was barren of both prejudice and any possible conflict of interest.  Further, defendant (Movant) did not object, when

---

[1]Mr. Wayne Bjur, first defense counsel, passed away during his representation of Defendant.

ORDER - 6

1   questioned in open court, to continued representation by his counsel Mr.

2   Therrien.

3        4.   Review of Presentence Report (Ground Four)

4        The court has discussed this ground above under Ground 2.

5   **B.   ANALYSIS**

6        After a careful review of the transcripts and file, the Court

7   rejects Mr. Nava Anaya's arguments, and concludes that defense counsel's

8   performance was not deficient.   There is no showing that counsel's

9   efforts were not those of a reasonably competent practitioner.   Mr. Nava

10  Anaya makes vague, conclusory and unsubstantiated allegations and points

11  to no deficient performance by counsel which prejudiced his case or

12  deprived him of an opportunity to have a fair trial. *Strickland*, 466 U.S.

13  at 687-88.

14       The Movant has failed to demonstrate prejudice with respect to his

15  ineffectiveness of counsel claims.   In this regard he has failed to

16  present any evidence suggesting a "reasonable probability that, but for

17  counsel's unprofessional errors, the result of the proceeding would have

18  been different." *Stricklan*d, 466 U.S. at 694.   Accordingly, the Movant

19  is not entitled to the relief he requests.

20       Reviewing the transcripts and other papers filed in this case, the

21  Court finds that Mr. Nava Anaya's circumstances did not amount to a

22  constitutional violation of his 6th Amendment right.   In addressing the

23  issue of ineffective assistance of counsel, the Court is guided by

24  *Strickland*.   As required by that analytical framework:

25            First, the defendant must show that counsel's
             performance was deficient. This requires showing that
26            counsel made errors so serious that counsel was not

ORDER - 7

> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.

Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir.1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.1994)).

In *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir.1997), discussing the first prong of the *Strickland* analysis, the Sixth Circuit recognized:

> The [Supreme] Court cautioned that in undertaking an ineffective-assistance review, "[j]udicial scrutiny of counsel's performance must be highly deferential," and must avoid the "second-guess[ing of] counsel's assistance ..., [as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. In order to avoid "the distorting effects of hindsight," a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.' ' *Id* . (citation omitted).

Furthermore, in evaluating the prejudice suffered by a petitioner as a result of alleged ineffective assistance of counsel, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that

test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* (citation omitted). Rather, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Finally, in conducting this inquiry, we need not apply *Strickland*'s principles in a mechanical fashion. As the Supreme Court explained:

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Id.* at 697.

The Court begins its review by either determining whether counsel's performance was deficient, or by determining any possible prejudice suffered by Mr. Nava Anaya. In either event, the result in this case is identical.

There is no indication that Mr. Nava Anaya was prejudiced. Even assuming arguendo deficient performance by defense counsel, the Movant has not shown prejudice. Under the prejudice prong of the inquiry, the Movant "must affirmatively prove prejudice by showing that counsel's errors actually had an adverse effect on the defense." *United States v. Freixas*, 332 F.3d 1314, 1320 (11th Cir.2003). This showing requires "more than some conceivable effect on the outcome of the proceeding." *Id.* Here, the Movant has not shown that a reasonable probability exists that

the outcome of the case would have been different if his attorney had given the assistance that he has alleged should have been provided.  This ineffectiveness claim is without merit.  The court finds that the Movant has not provided any evidence to convince this court that his constitutional rights were violated.

Finally, the Movant request an evidentiary hearing on Grounds 1-4.  Ct. Rec. 184 at 14.  This Court has carefully reviewed the record and concludes the Movant is not entitled to an evidentiary hearing.  *See Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir.), *cert. denied*, 493 U.S. 869, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989). Here, the pertinent facts of the case are fully developed in the record before the Court.  Thus, the court is able to evaluate his claims on the basis of a conclusive record.  The court, therefore, denies the Movant's §2255 motion without an evidentiary hearing.  See *Hill*, 474 U.S. at 59-60; *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir.1990), *cert. denied*, 111 S.Ct. 1398 (1991).  Additionally, the Court summarily dismisses the motion without sending it to the United States Attorney for response.  Accordingly,

**IT IS ORDERED** that:

1. Mr. Nava Anaya's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October 14, 2008 (Ct. Rec. 184, CR-04-2134-LRS-1, Ct. Rec. 1, CV-08-3061-LRS) is **DENIED**.

2.  The District Court Executive is directed to:

(a) File this Order;

(b) Provide a copy to Petitioner **AND TO** the United States

/ / /

/ / /

ORDER - 10

1    Attorney, Yakima, Washington; and

2            (c) **CLOSE THESE FILES.**

3        **DATED** this 29th day of June, 2009.

4

5

6                                    *s/ Lonny R. Suko*
                                    _____
7                                    LONNY R. SUKO
                              UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 11